UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

-------------------------------------------------------------------

**ZUFFA, LLC d/b/a Ultimate Fighting**
**Championship,**


                                              Plaintiff,

                 -against-

                                                                    **COMPLAINT**

                                                          Civil Action No.

DERICK CUEBAS, Individually, and as officer, director,
shareholder, principal, manager and/or member of I CUE
CIGAR LOUNGE LLC,

and

I CUE CIGAR LOUNGE LLC,
                                 Defendants.
-------------------------------------------------------------------------

        Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter

"Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the

Defendants herein respectfully sets forth and alleges, as follows:

                        **JURISDICTION AND VENUE**

        1.  This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605,

et seq., and and 15 U.S.C. § 1125(a)., and for copyright infringement under the copyright

laws of the U.S. (17 U.S.C. §101, et seq.).

        2.  This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C.

Section §1331, which states that the district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3.  Upon information and belief, venue is proper in this court because, <u>inter alia,</u> a substantial part of the events or omissions giving rise to the claim occurred within Monroe County, which is within the Middle District of Pennsylvania, Wilkes-Barre Division (28 U.S.C. § 1391(b) and 28 U.S.C. §118(b)).

4. This Court has personal jurisdiction over the parties in this action.  Defendants to this action had or have an agent or agents who has or had independently transacted business in the Commonwealth of Pennsylvania and certain activities of Defendants giving rise to this action took place in the Commonwealth of Pennsylvania; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the encrypted satellite, radio, wired or internet streamed (IPTV) broadcast within the Commonwealth of Pennsylvania.  Moreover, upon information and belief, Defendants have their principal place of business within the Commonwealth of Pennsylvania; thus, this Court has personal jurisdiction over Defendants.

<u>**THE PARTIES**</u>

5.  The Plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118 and duly registered to do business in the Commonwealth of Pennsylvania.

6.  Plaintiff is the owner of the UFC 285 - Jones vs. Gane PPV Broadcast which occurred on March 4, 2023, including all undercard matches and the entire television

-2-

Broadcast, via encrypted closed circuit television, encrypted satellite, radio signals and/or digital streaming technology (hereinafter referred to as the "Broadcast").

7.  Upon information and belief the Defendant, DERICK CUEBAS, resides at 283 Northslope II Rd., East Stroudsburg, PA 18302.

8.  Upon information and belief the Defendant, DERICK CUEBAS, was the officer, director, shareholder, principal, manager and/or member of I CUE CIGAR LOUNGE LLC located at 4543 Milford Rd., East Stroudsburg, PA 18302.  The Pennsylvania Liquor License records reflect that DERICK CUEBAS is the Member & Manager of I CUE CIGAR LOUNGE LLC.

9.  Upon information and belief the Defendant, DERICK CUEBAS, was the individual with supervisory capacity and control over the activities occurring within the establishment known as I CUE CIGAR LOUNGE LLC, located at 4543 Milford Rd., East Stroudsburg, PA 18302.

10.  Upon information and belief the Defendant, DERICK CUEBAS, received a financial benefit from the operations of I CUE CIGAR LOUNGE LLC, on March 4, 2023.

11.  Upon information and belief, Defendant, DERICK CUEBAS, was the individual with close control over the internal operating procedures and employment practices of I CUE CIGAR LOUNGE LLC, on March 4, 2023.

12.  Upon information and belief the Defendant, I CUE CIGAR LOUNGE LLC, is a limited liability company licensed to do business in the Commonwealth of

Pennsylvania and as was doing business as under the trade or fictitious name I CUE CIGAR LOUNGE.

13.   Upon information and belief, the Defendant, I CUE CIGAR LOUNGE LLC, is located at 4543 Milford Rd., East Stroudsburg, PA 18302, and had a lawful occupancy capacity of approximately 76-100 people on March 4, 2023.

14.   Upon information and belief, Defendants, *jointly and severally,* on March 3, 2023 created a Facebook Advertisement Post on the **ICue Cigar Lounge's** Facebook page containing the following: **"UFC 285 Jones vs Gane, Sat. March 4, 10pm @ I Cue Cigar Lounge #SmokinXperience #rmcigars #santiagocigarlounge #qpsfilm #officialshakirawhite #cigarlifestyle #stickgirl1967 #badasscigarlife #theoriginalcigarpxrn #fiftyshadesofsmoke #luminaire #thediplomatscigarclub #thebackyardcigarclub #themobilecigarlounge #ironlungzcigarclub #RedBoneCigars"** For the exhibition of Plaintiff's Broadcast within the commercial establishment known as I CUE CIGAR LOUNGE.  Please see Exhibit "B" attached hereto.

15.   Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by commercially promoting a fight night without having commercial exhibition rights and without paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative, illegal and illicit means and exhibiting within I CUE CIGAR LOUNGE located at 4543 Milford Rd., East Stroudsburg, PA 18302 on March 4, 2023.

## COUNT I

16.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17.    Plaintiff is the owner of the UFC 285 - Jones vs. Gane PPV Broadcast, including all undercard matches and the entire television Broadcast, which occurred on March 4, 2023, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV).

18.    Plaintiff's broadcast originated via encrypted closed circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

19.    Plaintiff, for a licensing fee, entered into licensing agreements with numerous businesses in the Commonwealth of Pennsylvania, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled subscribers to access and display a decrypted signal of the Broadcast.

20.    The Broadcast was also available for non-commercial, private viewing for Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming through streaming apps or websites, without proper authorization, at residential rates, which are greatly

discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

21.  In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only**.

22.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted  signal and did exhibit the Broadcast at I CUE CIGAR LOUNGE LLC located at 4543 Milford Rd., East Stroudsburg, PA 18302 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23.  Defendants exhibition was willful as verified by social media post on ICue Cigar Lounge's Facebook Account. Please see Exhibit "B" attached hereto.

24.  Upon information and belief, Plaintiff alleges that Defendants engaged in the illegal interception and receipt of Plaintiff's Broadcast by ordering programming intended for private, non-commercial use, paying a private use license fee   and subsequently displayed it in the commercial establishment known as I CUE CIGAR LOUNGE LLC at 4543 Milford Rd., East Stroudsburg, PA 18302 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain and

without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

25. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

26. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, decrypting unscrambling and receiving the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA) broadcast signals emanating from outside the United States, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, (5) Live or near-live Social Media Streaming or (6) Live Streaming Apps. The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

27. Each of the above-described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the way Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one or more of the above-described methods intercept and exhibit the encrypted radio signal Broadcast within I CUE CIGAR LOUNGE located at 4543 Milford Rd., East Stroudsburg, PA 18302 without a license and without paying a license fee.

28. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

29. By reason of the conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

30. By reason of the Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

31. As a result of the Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

32. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

33.  Plaintiff hereby incorporates paragraphs "1" through "32" as though fully set forth herein.

34.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

35.  47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

36. A significant amount of internet service in the United States is provided by Internet Service Providers ("ISP'S") who deliver and receive internet data transmissions via a combination of satellite and radio signals which are delivered to end-users via coaxial cable, fiber optic cable and telephone lines.

37.  Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

38.  By reason of the conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

39.   As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, under §553(c)(3)(A)(ii), enhanced damages under 553(c)(3)(B) and the recovery of reasonable attorney's fees and costs under §553(c)(2)(C).

## COUNT III

40.   Plaintiff hereby incorporates paragraphs "1" through "39" as though fully set forth herein.

41.   Plaintiff, is the copyright owner of the exclusive rights of distribution and public performance to the broadcast, including all undercard matches and the entire television Broadcast of UFC 285 - Jones vs. Gane PPV Broadcast on November 11, 2023. The Certificate of Registration was filed with the U.S. Copyright Office on March 30, 2023 with Registration # PA 2-405-528.

42.   As a copyright holder of the rights to the UFC 285 - Jones vs. Gane PPV Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution and exhibition licensing to commercial establishments.

43.   Defendants never obtained the proper authority or license from Plaintiff, or its exclusive commercial distributor, Joe Hand Promotions, Inc., to publicly exhibit the UFC 285 - Jones vs. Gane PPV Broadcast on November 11, 2023.

44.   Upon information and belief, the Defendants and/or their agents, servants, workers and employees unlawfully obtained the program through fraud and/or intercepted the UFC 285 - Jones vs. Gane PPV Broadcast, thereby enabling Defendants to publicly

exhibit the Broadcast without o a license for public performance or paying the appropriate licensing fee to Plaintiff.

45.  By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

46.  By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

47.  As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, as Defendant advertised and subsequently displayed Plaintiff's Broadcast. Plaintiff is entitled to actual damages, in the discretion of this Court, under 17 U.S.C. §504(b).

48.  Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

## **COUNT IV**

49.  Plaintiff hereby incorporates paragraphs "1" through "48" as though fully set forth herein.

50. Upon Information and belief, the Defendants have made statements on the internet, and in their advertising and promotion material that are materially false and likely to cause consumer confusion, mistake, or deception as to the legality of their right to publicly exhibit Plaintiff's Broadcast. Please see Exhibit "B" attached hereto.

51. Upon Information and belief, the Defendants representations are material and deceptive misrepresentations upon which consumers have and will rely upon.  The

Defendants' actions mislead, deceive and harm legitimate customers of Plaintiff and consumers as well as damage Plaintiff's good name and reputation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Plaintiff markets and sells sporting events to commercial establishments in Pennsylvania. Once a customer purchases a commercial license, they are given the right to use Plaintiff's advertisements and fight posters to promote their right to exhibit the Broadcast.

53. Upon Information and belief, establishments that pirate Plaintiff's Broadcast and advertisement of Plaintiff's Broadcast to show in their establishment without having the legal right to publicly exhibit same is misleading and impacts the decision of an establishment to pay the licensing fee when the unfair competition by false advertising of the Defendants herein impacts their business choices.

54. Upon information and belief, Plaintiff has been injured by the False Advertising of Defendant.

55. Upon Information and belief, Defendants' acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

56. Upon Information and belief, as a direct and proximate result of the Defendants' actions, Plaintiff has suffered substantial damages and has suffered and will continue to suffer irreparable harm unless the Defendants are preliminarily and permanently enjoined.

-12-

57. Plaintiff has no adequate remedy at law and seeks damages subject to the principles of equity, to recover (1) defendant's profits, both actual and engorgement (2) any damages sustained by the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a).

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the March 4, 2023, UFC 285 - Jones vs. Gane PPV Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain, as Defendant advertised and subsequently displayed Plaintiff's Broadcast.

(b)   On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their

violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553.

(d) An injunction prohibiting defendants from receiving, transmitting, and exhibiting Plaintiff's programming publicly without commercial license.

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii); and

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

(g) (Defendant's profits, both actual and engorgement, any damages sustained by the plaintiff, and, the costs of the action.  15 U.S.C. § 1117(a)

Dated: July 29, 2024
        Ellenville, New York

**ZUFFA, LLC D/B/A ULTIMATE FIGHTING CHAMPIONSHIP**

By:  /s/Wayne D. Lonstein
WAYNE D. LONSTEIN, ESQ. #48809
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
190 South Main Street: P.O. Box 351
Ellenville, NY  12428
Tel:  (845) 647-8500
Fax:   (845) 647-6277
Email: Legal@signallaw.com
*Our File No. ZU23-03PA-01*